(February 6, 1900.)

## MAYDOLE v. WATSON.

[60 Pac. 86.]

POSSESSION OF PREMISES ON PUBLIC DOMAIN—SECTION 4556 OF THE REVISED STATUTES CONSTRUED.—An action under the provisions of section 4556, to recover possession of premises located on the public domain, is not an action of ejectment, nor subject to the rules governing actions of ejectment. In this case the record examined and held that the findings of the court sustain the judgment.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

H. G. Redwine, for Appellant.

The supreme court of the United States settles the law governing occupancy of public lands. They are merely tenants by sufferance. The most they could claim was the right of actual occupancy against other settlers. (*Missionary Society v. Dalles City*, 107 U. S. 344, 27 L. ed. 548, 2 Sup. Ct. Rep. 672.)

W. T. Reeves, for Respondent.

At the time appellant entered upon this land it was inclosed and had a dwelling-house thereon suitable to live in, and the

Deckers were actually residing there.     (Rev. Stats., sec. 4556.)
If the appellant was not holding under the Deckers, he was a
mere trespasser, with no effort on his part to connect himself
with the government title, and under such circumstances he
could not, in good conscience, ask the court to protect him in
his possession thus acquired. (*Brown v. Wheaton,* 52 Cal.
434; *Page v. Fowler,* 37 Cal. 111; *Rogers v. Soggs,* 22 Cal.
453.)

HUSTON, C. J.—The plaintiff brought an action to recover
the possession of certain real estate situate in the town of
Gibbonsville, Lemhi county, Idaho.   To the complaint of plain-
tiff a demurrer was filed, which was overruled by the court.
Thereafter the defendants filed their answer.   The complaint
alleges that on the fifth day of August, 1899, "the plaintiff
was the owner and entitled to the possession" of the land de-
scribed in the complaint; that on the date aforesaid the de-
fendants entered upon said premises, and ousted the plaintiff
therefrom.   The answer of defendants denies the ownership of
plaintiff; denies that he was ever possessed, or entitled to the
possession of the premises in question; avers that the tract of
land in question is "unsurveyed lands of the public domain of
the United States"; avers possession of defendants.   The trial
was had before the court without a jury.   None of the evidence
appears in the record.   The court finds that the premises in
question were in the possession of one Walter Decker, who had
entered thereupon, built a house, and made other improve-
ments, and continued to reside thereon with his wife for a
period of some four years; that on the sixteenth day of July,
1898, the plaintiff, having theretofore recovered a judgment
against said Walter Decker, and caused execution to be issued
thereon, and levied upon all the rights and interests of said
Walter Decker in the premises described in the complaint,
caused the same to be sold thereunder, at which sale the plain-
tiff became the purchaser thereof; that thereafter, upon the
expiration of the time of redemption, the sheriff of said Lemhi
county executed a deed of said premises; that on the fourth
day of January, 1899, the defendant, with full notice of the
right and claim of the plaintiff to said premises, and the pos-

session thereof by virtue of the sale and deed aforesaid, under and by virtue of a pretended sale to him of said premises and improvements by the wife of said Walter Decker, entered into the possession thereof, and has continued to hold such possession up to the time of the commencement of this suit.

The necessity of some law to protect the rights of locators or occupants of the public lands was early recognized by the legislature of the territory, and for this purpose chapter 4, title 10, of the Revised Statutes of Idaho was enacted. Section 4556 of the Revised Statutes, is as follows: "In any action for the possession of, or for any injury done to, a lot or parcel of land, situated in any city, town, or village on the public lands, the plaintiff must be required to prove either an actual inclosure of the whole lot claimed by him, or the erection of a dwelling-house or other substantial building, on some part thereof, by himself or some person through whom he claims, and proof of such building, with or without inclosure, is sufficient to hold such lot or parcel to the bounds thereof, as indicated by the plat of such city, town or village, if there be one, and if there be no such plat, then to hold the same, with its full width and extent from and including such building to the nearest adjacent street, where the intervening space has not been previously claimed by adverse possession." And it is under the provisions of this statute that this action seems to have been brought.

The court find title to the land to be in the government; that the right of Decker was possessory, merely. That the possessory claim and improvement of Decker were not subject to levy and sale cannot, we think, be successfully maintained. The rules governing the common-law actions of ejectment do not apply to cases of this character. The question of paramount title does not arise. The action is purely statutory. As before stated, the evidence is not in the record, but we think the findings of the court fully sustain the judgment. The judgment of the district court is affirmed; costs to respondent.

Quarles and Sullivan, JJ., concur.

Points decided.

#### ON REHEARING.

(February 27, 1900.)

Per CURIAM.—No cause being shown in the petition for rehearing filed by appellants which would justify this court in granting a rehearing, said petition is denied.